# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lawrence Oakley,<br><br>    Plaintiff<br>v.<br><br>Valentine & Kebartas, Inc.,<br><br>    Defendant | FILED ELECTRONICALLY |

## **COMPLAINT**

### I. Introduction

1.    This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.    Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.    Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Lawrence Oakley, is a natural person residing at RR 1 Box 523, Olyphant, PA 18447.

5. Defendant, Valentine & Kebartas, Inc., ("the Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 15 Union Street, Lawrence, MA 01840.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before November 18, 2009, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. On November 18, 2009, the Collector caused at least one (1) telephone call ("*the Call*") to be placed to phone number (570) 254-9331.

11. The aforementioned phone number was assigned to the address identified in paragraph 4 at all times relevant to this matter.

12. During *the Call*, an employee of the Collector left a message ("*the Message*") for Plaintiff.

13. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

14. In *the Message,* the caller failed to disclose that the call was from a debt collector.

15. In *the Message,* the caller failed to provide the disclosure required by 15 U.S.C. § 1692e(11).

16. 15 U.S.C. § 1692d(6) requires a debt collector to provide a meaningful disclosure of identity in each communication with a consumer.

17. In *the Message,* the caller failed to state the name of the Collector.

18. In *the Message,* the caller failed to state the purpose of the call.

19. In *the Message,* the caller failed to provide the meaningful disclosure of identity required by 15 U.S.C. § 1692d(6).

20. *The Call* and *the Message* were attempts to collect the Account.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

21.   Plaintiff demands a trial by jury as to all issues so triable.

                                        Respectfully Submitted,

                                        <u>s/ Kenneth W. Pennington</u>
                                        Kenneth W. Pennington
                                        Bar Number PA 68353
                                        Attorney for Plaintiff
                                        Sabatini Law Firm, LLC
                                        216 N. Blakely St.
                                        Dunmore, PA  18512
                                        Phone (570) 341-9000
                                        Facsimile (570) 504-2769
                                        Email kpecf@bankruptcypa.com